IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN Y. SANTIAGO NAZARIO, <br><br> Plaintiff, <br><br> v. <br><br> DOCTOR'S CENTER HOSPITAL INC., ET AL., <br><br> Defendants. | CIVIL NO.: 23-1631 (JAG) |

**REPORT AND RECOMMENDATION**

### I. INTRODUCTION

This is a medical malpractice action by Plaintiff Carmen Santiago Nazario ("Santiago" or "Plaintiff") against defendant CDT Dr. Meléndez, Inc. ("Defendant") among others for medical malpractice causing the wrongful death of her mother Blanca Nazario.

Pending before the Court is Defendant's motion for partial summary judgment. ECF. No. 88 at 1. Defendant argues that Plaintiff has not provided expert testimony on Defendant's alleged breach of the standard of care and therefore cannot prove a causal nexus between the Defendant's care and the harm suffered by decedent. *Id.* at 3. Santiago has filed an informative motion with the court that she does not oppose the granting of partial summary judgment with respect to this Defendant. ECF No. 102.

Because Plaintiff cannot show without expert evidence that the defendant breached his duty of care or caused the decedent's injury, it is recommended Defendant's motion for partial summary judgment be GRANTED.

## II. DISCUSSION

Plaintiff has provided three expert reports in the current action. ECF No. 90 at 1-3. None of these experts have provided an opinion on the standard of care provided to the decedent by Defendant. *Id.* at 2-3. Plaintiff has indicated via informative motion that she does not oppose the entering of summary judgment with respect to Defendant. ECF No. 102.

Despite the Plaintiff's effective consent to summary judgment, the summary judgment standard must still be met for a motion for summary judgment to be granted. Even when a motion for summary judgment is not opposed, it cannot be considered "conceded for want of opposition". *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016). Therefore, even when facing an unopposed motion for summary judgment, the court may grant summary judgment "only if, after fully considering the merits of the motion, it finds that it is warranted." *Id.* at 508. It is therefore necessary to undertake a brief analysis of the summary judgment standard.

Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 (1st Cir. 2011) (quoting *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp.*, 532 F.3d 28, 30 (1st Cir. 2008)).

Summary judgment is also appropriate when the opponent cannot possibly make a showing on a required element of the cause of action. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett* 477 U.S. 317, 322-23 (1986).

This is a diversity case. In diversity cases, the substantive law of the forum state applies. *See Baum-Holland v. Hilton El Con Management, LLC.,* 964 F.3d.77, 87 (1st Cir. 2020). Here, that is the law of Puerto Rico. In Puerto Rico, a plaintiff in a medical malpractice action must prove three elements: "(1) the duty owed (i.e., the minimum standard of professional knowledge and skill required in the relevant circumstances); (2) an act or omission transgressing that duty; and (3) a sufficient causal nexus between the breach and the harm." *Santa Cruz Bacardí v. Metro Pavía Hosp.*, Inc., 2020 U.S. Dist. LEXIS 7779, at *6 (D.P.R. 2020) (quotation omitted).

Here, Plaintiff is unable to show the causation prong of a medical malpractice claim without expert testimony that Defendant breached the standard of care. "A factfinder normally cannot find causation without the assistance of expert testimony to clarify complex medical and scientific issues that are more prevalent in medical malpractice cases than in standard negligence cases." *Rojas-Ithier v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia,* 394 F.3d 40, 43 (1st Cir. 2005). Summary judgment is proper in cases where no admissible expert testimony is available to indicate the defendant caused the plaintiff's harm. *See González-Arroyo v. Doctors' Ctr. Hosp. Bayamon, Inc.*, 2021 U.S. Dist. LEXIS 138001, (D.P.R. July 23, 2021) (Summary judgment was proper where the report of the plaintiff's only expert witness was stricken from the record). This is because without expert testimony, a jury does not have sufficient evidence to find the causation element of the malpractice claim. *Id.* at 8.

It is possible for a violation of the standard of care to be "sufficiently blatant or patent that lay persons, relying on common knowledge and experience, can legitimately recognize or infer negligence". *Rolón-Alvarado v. San Juan*, 1 F.3d 74, 79 (1st Cir. 1993). However, this is a "narrow

configured exception" applying in such cases as, for instance, surgical tools being lost in a patient's incision. *Id.* (citing *Nixdorf v. Hicken*, 612 P.2d 348, 352 (Utah 1980)).

In the present case, Plaintiff alleges that Defendant failed to follow up on decedent's ultrasound results or refer her to a specialist and that those omissions caused the decedent's death. ECF no. 7 at 4. It is uncontested that there is no expert testimony as to whether Defendant breached the standard of care or whether that alleged breach caused the decedent's death. To prove negligence, Plaintiff would have to show that the alleged of inaction on an irregular ultrasound led to decedent's death by a preponderance of the evidence. This is precisely the sort of difficult causal question with which medical experts must assist a jury. Without expert testimony, the jury cannot properly find the causal nexus between Defendant's omissions and the decedent's harm. Hence, summary judgment is appropriate on these facts. Accordingly, it is recommended that Defendant's unopposed motion for partial summary judgment (ECF No. 88) be GRANTED.

The parties have fourteen (14) days to file any objections to this report and recommendation unless otherwise ordered by the court. Failure to file the same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); *see also* 28 U.S.C. § 636(b)(1); *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia*, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 7th day of October, 2025.

s/Marcos E. López  
U.S. Magistrate Judge
